## CHARLES PERKINS ET AL v. E. M. GARNER ET AL.

Decided February 22, 1899.

**Practice on Appeal—Judgment Reversed and Rendered, When.**

Upon the reversal of a judgment rendered upon the direction of a verdict by the trial court which awards the land to plaintiff and gives a personal judgment to one defendant against a codefendant, because such personal judgment was not authorized, the appellate court will render a judgment for plaintiff for the recovery of the land and for costs of both courts.

APPEAL from Nacogdoches. Tried below before Hon. TOM C. DAVIS.

*L. S. Taylor* and *Jas. I. Taylor,* for appellants.

*Ingraham, Ratcliff & Houston,* for appellees.

FLY, ASSOCIATE JUSTICE.—Marcelita de Bretuil, joined by her husband, Henry Charles Joseph Tonelier, Marquis de Bretuil, and Florence

Gordon Cummings, joined by her husband, Sir William Gordon Cummings, instituted this suit against Charles Perkins to try title to lot 4, block 1, in the town of Nacogdoches. Julia Curl filed voluminous answers, although it does not appear from the record how she came into the suit, and made several other parties defendants. The court instructed a verdict for the plaintiffs, and also that the jury find for Perkins for $50 against Miss Curl.

In the preparation of the brief there was an utter disregard of the rules, and parts of it are unintelligible. What are denominated assignments of error are the assignments of error inextricably mixed with argument, statements, and authorities. The assignments, nine in number, are copied one after the other, there being no separate statements or propositions.

From an investigation of the record, we conclude that the court did not err in admitting in evidence the deed of partition between the heirs of the ancestor of plaintiffs, and that there was no error in instructing a verdict for plaintiffs. It is claimed by Perkins, however, as well as the other appellants, that the court erred in instructing the jury to find for Perkins against Mrs. Curl, as warrantor, for $50, because the pleadings nor proof justified such instruction, and we find this contention to be correct.

The judgment will be reversed for that error, and as the verdict was not really that of the jury, but was instructed by the court, judgment will be here rendered that the plaintiffs in the court below recover the land in controversy from the defendants, and all costs in this and the lower court.

*Reversed and rendered.*

Writ of error refused.